THE STATE OF MISSOURI, Respondent, *vs.* BENJAMIN FRITCH-
LER, Appellant.

1. *Criminal law—Larceny—Intent.*—A servant gave away certain old tools of
his employer as a matter of charity. *Held*, not larceny. The act lacked the
criminal intent.

*Appeal from St. Louis Court of Criminal Correction.*

*M. W. Hogan*, for Respondent.

*F. & L. Gottschalk*, for Appellant.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution upon an information for petit larceny
The information charges the defendant with stealing one set
of butcher's iron scales, and one butcher's meat saw, the pro-
perty of George Nicholas, the prosecutor.

On the trial the prosecutor testified in substance, that he was
a butcher, that defendant was in his employment in February
1873, and had charge of his slaughter-house and every thing
in it; that among the things there was a set of butcher's scales;
that he looked for them to have them repaired, and asked de-
fendant if he knew where they were and he replied that he did
not know; there was also an old butcher's saw, which
was broken but the bow remained; that he missed that at the
same time. On the 9th of April he saw these articles in the
possession of Christ Meyer, a butcher, keeping a stall in the
Mound market in St. Louis.

Christ Meyer was then introduced and in substance testified
that he was a butcher; that some time in January 1873, he went
to the slaughter-house of prosecutor where defendant was em-
ployed; that he had before that time done some work there
and on this occasion he told defendant that he was about to
commence butchering for himself and as he was poor, he would
be thankful to him, if he would assist him a little. He asked
whether there were not some old tools there which he did not
use. Defendant replied there were an old set of scales and a
butcher's saw lying around there, which he did not use and
that witness could have them. Witness afterwards called and

defendant gave him the scales and saw, and he took them and repaired them and used them; he paid $ 1.25 for repairing the scale and $1.00 for repairing the saw. When he got them they were useless, broken and battered. After they were repaired they were as good for use as new tools. Afterwards, about two weeks before the trial, the prosecutor came to witness' stall at Mound market, and said the scales and saw were his. Witness replied he could have them if he would pay for the repairs, The defendant who gave them to witness took them away.

Christ Hill was introduced as a witness and testified in substance to the same purport as the preceding witness.

This was all the evidence given or offered on the part of the State. The defendant then asked the court to declare that upon the evidence given he was not guilty of larceny. The court refused this instruction. The defendant then introduced several witnesses who testified to his good character for honesty, etc. At the close of all the evidence, the defendant asked the the court to declare the law to be that, "if it appear from the evidence, that defendant while in the employ of the prosecuting witness, did in good faith and out of charity, give the articles in the complaint mentioned to a poor person in need of assistance, and that those scales were of no value or of very small value and, not being used or needed by his employer and without any intent to convert them to his own use, then he is not guilty of larceny."

The court refused this declaration, and found the defendant guilty, the case having been submitted to it sitting as a jury.

The defendant excepted to the several rulings of the court, and filed a motion for a new trial which was overruled, and he has appealed to this court.

There is not a particle of evidence in this record to establish the defendant's guilt. There is a total want of proof of the *animus furandi*—the very gist of the offense charged.

It is the very sort of evidence upon which he might have relied to rebut the charge, if there had been any proof to establish it. It is very true that he had no legal right to exercise charity on the credit of his employer; but in doing so he only

laid himself liable to a civil action for the value of the goods, there being no felonious intent whatever to convert them to his own use.

The court erred in overruling the demurrer to the evidence and also in refusing the instructions asked by the defendant at the close of the evidence.

Judgment reversed, and the cause remanded. The other judges concur.